**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-403-2** |
| **HONG KONG SPIRIT SHIPPING & TRADING LIMITED** | : | |

## <u>GUILTY PLEA AGREEMENT</u>

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, defendant Hong Kong Spirit Shipping and Trading Limited, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania and the Environmental Crimes Section of the United States Department of Justice.

1. The defendant agrees to plead guilty to Counts One and Two of an information, waiving prosecution by indictment, charging it with two violations of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), all arising from the defendant's knowing failure, through its agents and employees, to maintain an accurate Oil Record Book during the Motor Vessel ("M/V") MSC Samira III's port calls in Philadelphia, Pennsylvania, on January 9, 2025, and January 27, 2025. The defendant further acknowledges its waiver of rights, as set forth in the attachment to this agreement.

2. This agreement is conditioned upon the following: (a) defendant MSC Shipmanagement Limited entering a guilty plea in this case; and (b) acceptance of that plea by a United States District Judge at the time of the guilty plea hearing. If defendant MSC Shipmanagement Limited does not satisfy these two conditions, or subsequently seeks to

withdraw its guilty plea, the government, in its sole discretion, will be released from all its obligations under this agreement. In addition, if defendant MSC Shipmanagement Limited breaches its plea agreement, the government, in its sole discretion, may void this defendant's plea agreement.

3. In the event that (a) the defendant's conviction is later vacated for any reason; (b) the conviction of defendant MSC Shipmanagement Limited is later vacated for any reason; (c) the defendant violates this agreement; (d) defendant MSC Shipmanagement Limited violates its plea agreement; (e) the defendant's plea is later withdrawn; or (f) defendant MSC Shipmanagement Limited's plea is later withdrawn, the defendant waives all defenses based on speedy trial and the statute of limitations, for 120 days from any of these events.

4. The defendant understands, agrees, and has had explained to it by counsel that the following statutory maximum sentences apply in this case: For Counts One and Two, charging violations of APPS: five years of probation, with a minimum of one year of probation; a fine of $500,000 per count, or twice the gross pecuniary gain or loss resulting from the unlawful conduct; and a $400 special assessment per count. The total permissible statutory maximum sentence is five years of probation; a fine of $1,000,000, or twice the gross pecuniary gain or loss resulting from the unlawful conduct; and a special assessment of $800. Full restitution may also be ordered.

5. The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: four years of probation; a fine of $875,000; and a special assessment of $800. The defendant agrees that during any term of probation imposed at sentencing, the conditions of probation should include the following special conditions: the defendant shall

commit no further violations of the International Convention for the Prevention of Pollution from Ships, as amended ("MARPOL"), federal, state, or local law, and, when operating within the jurisdiction of the United States, shall conduct all its operations in accordance with the laws of the United States. If the defendant learns of any such violations committed by its agents or employees during the term of probation, the defendant shall notify the United States of the violations.

If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and the defendant will have the right to withdraw the guilty plea.

6. The government may:

a. Recommend a sentence consistent with paragraph 5 above.

b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

7. The defendant agrees to pay a fine of $875,000. The United States is not aware of any identifiable victims and is therefore not seeking an order of restitution in this case. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court

imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the government from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

8. The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a variance from the applicable Sentencing Guideline range.

9. The defendant agrees to pay the special victims/witness assessment in the amount of $800 on the date of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

10. Except as otherwise outlined in this agreement, the defendant may not withdraw its plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. Except as otherwise outlined in this agreement, no one has promised or guaranteed to the defendant what sentence the Court will impose.

11. The parties agree to jointly move the Court to forgo preparation of a Presentence Investigation Report (PSR) and consent to proceeding to sentencing without a PSR.

12. If the defendant commits any federal, state, or local crime between the date of this agreement and its sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which

had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by it. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

13. If the Court accepts the plea agreement and imposes the sentence stated in paragraph 5 of this agreement, the government agrees that it will not file any appeal of the sentence in this case, and the defendant agrees that it will not file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

14. If the Court does not accept the plea agreement and neither party withdraws from the plea agreement, and the defendant enters and maintains a guilty plea, then the parties agree to continue to recommend the sentence stated in paragraph 5, and the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of its sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;

ii. challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

iii. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

15. The defendant acknowledges that pursuing an appeal or any collateral attack waived in either of the two preceding paragraphs may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

16. The defendant understands that if the Court accepts the recommendation of the parties and imposes the sentence stated in paragraph 5 of this agreement, the government will affirmatively notify the United States Coast Guard when judgment is entered and sentencing is complete in all related cases, in compliance with Paragraph 3(e) of the Agreement on Security dated February 7, 2025.

17. The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

19. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that it is guilty.

20. The defendant will acknowledge acceptance of this plea agreement by the signature of its counsel and of a responsible corporate officer. The defendant shall provide to the government for attachment to this plea agreement a resolution of the defendant's Board of Directors authorizing the corporation to enter a plea of guilty and authorizing that responsible corporate officer to execute this agreement.

21. This plea agreement shall bind the defendant and its successors and assigns and parent corporations. The defendant or its successors-in-interest, if applicable, shall provide each undersigned prosecuting office and the United States Probation Office for the Eastern District of Pennsylvania with immediate notice of any name change, corporate reorganization, signing or termination of ship management contracts, or similar action affecting this plea agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, or similar action shall alter the defendant's responsibilities under this plea agreement. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this plea agreement.

22. The defendant agrees not to take any position, or cause another to take any position, or ask another to submit a position as an amicus curie, on any government motion which may be filed for payment of fine money, pursuant to 33 U.S.C. § 1908(a) to the person(s) who provided information leading to the imposition of the criminal penalties in this case.

23. The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

DAVID METCALF
United States Attorney

MARIO APONTE
HONG KONG SPIRIT SHIPPING AND TRADING LIMITED
Principal Corporate Officer of Defendant

TANNER HONEA
Counsel for Defendant Hong Kong Spirit Shipping and Trading Limited

Date: August 26, 2026

SALVATORE L. ASTOLFI
Chief, Criminal Division
Assistant United States Attorney

*s/ Angella N. Middleton*
ANGELLA N. MIDDLETON
Assistant United States Attorney

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

*s/ Lauren D. Steele*
LAUREN D. STEELE
Trial Attorney

**Attachment**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-403** |
| **HONG KONG SPIRIT SHIPPING AND TRADING LIMITED** | : | |

**ACKNOWLEDGMENT OF RIGHTS**

I hereby acknowledge, on behalf of the defendant, that the defendant has certain rights that it will be giving up by pleading guilty.

1. I understand that the defendant does not have to plead guilty.

2. The defendant may plead not guilty and insist upon a trial.

3. At that trial, I understand

a. that the defendant would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with its attorney, it would have the right to participate in the selection of that jury;

b. that the jury could only convict the defendant if all 12 jurors agreed that they were convinced of its guilt beyond a reasonable doubt;

c. that the government would have the burden of proving the defendant's guilt beyond a reasonable doubt and that the defendant would not have to prove anything;

d. that the defendant would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that the defendant was guilty;

e. that the defendant would have the right to be represented by a lawyer at this trial and at any appeal following the trial;

f. that through its lawyer the defendant would have the right to confront and cross-examine the witnesses against it;

g. that the defendant could subpoena witnesses, including corporate representatives, to testify in its defense if decided to; and

h. that the defendant would not have to present any defense if it did not want to and that if it did not present any evidence, the jury could not hold that against the defendant.

4. I understand that if the defendant pleads guilty, there will be no trial and the defendant would be giving up all of the rights listed above.

5. I understand that if the defendant decides to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6. I understand that if I plead guilty on behalf of the defendant, it will have given up its right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7. Understanding that the defendant has all these rights and that by entering a plea on behalf of the defendant, the defendant is giving them up, the defendant still wishes to plead guilty.

8. Except as detailed in the plea agreement I acknowledge that no one has promised me or the defendant what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range, and then, in determining the defendant's sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

MARIO APONTE

HONG KONG SPIRIT SHIPPING AND TRADING LIMITED
Principal Corporate Officer of Defendant

______________________________

TANNER HONEA
Counsel for Defendant Hong Kong Spirit
Shipping and Trading Limited

Dated: August 26, 2026

**MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF HONG KONG SPIRIT SHIPPING & TRADING LIMITED**

A meeting of the Board of Directors of Hong Kong Spirit Shipping & Trading Limited, a company incorporated and operating in accordance with the laws of Liberia (the "Company") was held on the 24th day of August 2026.

The sole Director / Officer (President, Treasurer and Secretary) of the Company is International Conglomerate Maritime Company (Monaco) S.A.M. ("ICMC").

Present at the meeting in person was a quorum of the Board of Directors for ICMC as the Sole Director of the Company, namely:

Mario Aponte – President Delegue of ICMC

Mario Aponte, President, acted as the Chairman of the Meeting.

All the Directors of the Company being present in person, notice of the meeting was and in case is hereby waived.

The Chairman determined that a quorum of the Board of Directors was present, and that, accordingly, the meeting was duly constituted and called the meeting to order.

The Chairman advised the meeting of the negotiations with the U.S. Department of Justice, Environmental Crimes Section, and with the United States Attorney for the Eastern District of Pennsylvania, regarding charges filed against the Company.

**WHEREAS,** the United States of America contends that the Company has violated the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), and its regulations;

**WHEREAS,** the Company has engaged in plea negotiations with the U.S. Department of Justice, Environmental Crimes Section, and with the United States Attorney for the District of the Eastern District of Pennsylvania, regarding the charges filed against the Company, which have resulted in a Plea Agreement acceptable to the Company and to the United States;

**WHEREAS,** the terms of the Plea Agreement reached between the Company and the United States of America require the Company to plead guilty to two counts of violating the APPS, and the entry of this plea may require the Company to take certain representations and commitments binding the Company;

**WHEREAS,** pursuant to the Plea Agreement, the United States of America will be filing an Information in the Eastern District of Pennsylvania charging the Company with two felony violations of the statutes said above;

**UPON MOTION DULY MADE,** seconded and unanimously carried;

**IT WAS UNANIMOUSLY RESOLVED:**

That the Company, in consideration of its review of the Plea Agreement, which was explained to the Company by counsel, hereby agrees to those terms and conditions and agrees to enter into the written Plea Agreement;

That any Officer of ICMC as sole director of the Company and/or J. Tanner Honea and/or George K. Kontakis of K&L Gates LLP, as attorneys for the Company, are hereby authorized to appear in court as representatives of the Company and enter a plea of guilty on behalf of the Company to two counts of violating the APPS, 33 U.S.C. § 1908(a), to sign the Plea Agreement on behalf of the Company, and to sign all documents necessary to carry out the terms of the Plea Agreement.

That the Company acknowledges and waives its right to indictment by a grand jury and agrees to enter into the Plea Agreement; and

Any Officer of ICMC be and is hereby authorized and empowered to issue certified copies of the present Minutes.

There being no further business for discussion, and all corporate formalities for such authorization having been observed, the Chairman declared the meeting closed.

**Mario Aponte**
President Delegue of ICMC as sole Director of
Hong Kong Spirit Shipping
& Trading Limited